UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURQE EUGENE LOVE,

       Petitioner,

                               CASE NO. 18-cv-11944
v.                            HONORABLE VICTORIA A. ROBERTS

SHERMAN CAMPBELL,

       Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION TO HOLD HIS PETITION IN ABEYANCE**

In 2018, petitioner Kurqe Eugene Love filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges petitioner's state convictions for several assault and weapon offenses. Currently pending before the Court is Petitioner's motion to hold his petition in abeyance. Because the motion does not satisfy the prerequisites for staying a case, the Court will deny the motion.

## I. Background

Following a bench trial in Wayne County Circuit Court, the trial court convicted Petitioner of assault with intent to do great bodily harm less than murder (three counts), felonious assault, felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during the commission of a felony. The trial court sentenced Petitioner to prison for 76 months to twenty years for the assaults with intent to do great bodily harm and to lesser terms of imprisonment for the other convictions. The Michigan Court of Appeals affirmed Petitioner's convictions, and the Michigan Supreme Court denied leave to appeal. *See People v. Love*, No. 328662, 2016 WL 7427089

(Mich. Ct. App. Dec. 20, 2016); *People v. Love*, 501 Mich. 868; 901 N.W.2d 398 (2017).

In 2018, Petitioner filed his habeas petition, raising four claims regarding the sufficiency of the evidence at trial, his trial attorney, and the constitutional right to a jury trial. The State argues in an answer to the petition that Petitioner procedurally defaulted two of his claims and that the state courts' rejection of his claims did not result in decisions that were contrary to clearly established federal law, unreasonable applications of clearly established federal law, or unreasonable determinations of the facts.

Petitioner subsequently filed his motion to hold the habeas petition in abeyance. He wants the Court to stay this case while he pursues state remedies for a new constitutional claim. The State opposes the motion on grounds that Petitioner did not make the proper showing for a stay and because any new claim probably will be barred by the applicable statute of limitations.

Federal district courts may stay a habeas petition in appropriate cases, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Even assuming here that Petitioner is not engaged in dilatory litigation tactics, he did not explain in his motion why he failed to exhaust state remedies for his new claim before he filed his habeas petition. He also did not describe his new claim or provide any basis for concluding that the new claim is meritorious. Thus, Petitioner did not satisfy the

requirements for staying his case, and the Court denies his motion to hold the habeas petition in abeyance.

Dated: 5/24/19

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE